UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
DEYANIRA GOMEZ,

       Plaintiff,                           Memorandum and Order
                                                         09 Civ. 620

   - against -

THE CITY OF NEW YORK

       Defendant.
-------------------------------------------------------x
GLASSER, United States District Judge:

      Plaintiff Deyanira Gomez ("plaintiff" or "Gomez"), a former police officer with the New York City Police Department ("NYPD"), filed this action against the City of New York ("NYC") alleging that NYPD, on the basis of her gender and national origin, discriminated against her, subjected her to a hostile work environment, failed to promote her, and retaliated against her in violation of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 ("§ 1981") & 1983 ("§ 1983"); the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296, et seq. (McKinney 2010); and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-502. Before the Court is the defendant's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. For the following reasons, defendant's motion is GRANTED.

## DISCUSSION

      The following facts are drawn from the Amended Complaint and defendant's Rule 56.1 Statement, which is unopposed by plaintiff for the purposes of this motion. See Defendant's Rule 56.1 Statement of Undisputed Facts ("Def.'s R. 56.1"). Gomez, a Dominican-American woman, became a police officer with the NYPD in February 1994.

Amended Complaint dated May 12, 2009 ("Am. Compl.") ¶ 9. On or about December 13, 2003, Gomez took Examination No. 3560 in order to qualify for promotion to Sergeant in the NYPD. Id. ¶ 14. In 2004, she was notified by the Department of Citywide Administrative Services that she had passed the exam and was on the Eligible List for promotion. Id. ¶ 15.

On April 23, 2004, Gomez was assigned to the 75th Precinct. Def.'s R. 56.1 ¶ 7. She testified that beginning in October 2004, she was sexually harassed by a supervisor, Sergeant Lee Chong ("Lee Chong"). Def.'s R. 56.1 ¶¶ 8-43. In July 2005, she complained about the harassment to the New York Police Department Office of Equal Opportunity. Id. ¶¶ 33, 43. Gomez alleges that Lee Chong and several other officers in the 75th Precinct retaliated against her for the complaints that she made by, among other things, giving her unfavorable assignments, failing to pay her overtime, and issuing disciplinary letters. Id. ¶¶ 33, 72-108, 162-72.

At her request, on February 6, 2006 Gomez was transferred from the 75th Precinct to the 23rd Precinct. Def.'s R. 56.1 ¶¶ 84, 109. She alleges that after she transferred to the 23rd Precinct, she was again subject to further harassment and retaliation for her complaints against Lee Chong. Id. ¶¶ 125-51, 184. Gomez also alleges she was subject to discrimination due to male officers' stereotypes about the sexual promiscuity of women from the Dominican Republic. Id. ¶¶ 112-19.

Gomez was subject to disciplinary charges for three instances of insubordination and three instances of unauthorized use of pepper spray on suspects (one of whom was a handcuffed high school truant). Id. ¶¶ 172-73, 176. These charges were substantiated after an investigation by the Civilian Complaint Review Board ("CCRB") and hearings

were held before the Assistant Deputy Commission for Trials Claudia Daniels-DePeyster on May 30, 2006 and June 16, 2006.  Id. ¶¶ 174-76.  On October 30, 2006, Gomez was found guilty of two of the three insubordination charges and two of the three charges for unauthorized use of pepper spray.  Id. ¶ 176.

On or about August 31, 2006 Gomez received a letter from the NYPD Employee Management Division that she had not been selected for appointment to sergeant.  Am. Compl. ¶ 17.  Plaintiff alleges that the disciplinary charges that were brought against her were in retaliation and were deliberately kept pending so that her application for promotion would be denied.  Id. ¶ 18; Def.'s R. 56.1 ¶ 158.  She claims that denial was in accordance with a rule that if charges were pending against an applicant, that applicant would not be promoted.  Def.'s R. 56.1 ¶¶ 157-161.  Plaintiff has presented no evidence of the existence of this rule.

## JURISDICTION

This Court has original jurisdiction over plaintiff's § 1981 and § 1983 claims, claims arising under federal law.  The Court has supplemental jurisdiction over plaintiff's state law discrimination claims.  Federal courts have supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  A state law claim forms part of the same controversy if the state and federal claim "derive from a common nucleus of operative fact."  United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S. Ct. 1130, 16 L.Ed.2d 218 (1966).  Here, the parties and alleged events and injuries that form the

grounds for plaintiff's federal claims are identical to those that form the grounds for plaintiff's state law claims.

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As an initial matter, the moving party has the burden of demonstrating that no genuine dispute of material fact exists for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

Once the moving party has met this burden, the opposing party "'must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.'" Caldarola v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002) (quoting Matsushita, 475 U.S. at 586-87 (emphasis in original)). "If a party fails to properly support an assertion of fact or fails to properly address another party's

4

assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

The Court is compelled to draw all reasonable inferences in favor of the nonmoving party, Matsushita, 475 U.S. at 586, and a genuine dispute exists if a reasonable jury could find in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). However, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted). "[T]he mere existence of some alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment. Id. at 247-48. "Thus, the nonmoving party may not rest upon mere conclusory allegations or denials but must set forth 'concrete particulars' showing that a trial is needed." R.G. Grp., Inc. v. Horn & Hardart Co., 751 F.2d 69, 77 (2d Cir. 1984) (quoting S.E.C. v. Res. Automation Corp., 585 F.2d 31, 33 (2d Cir. 1978)).

## II. Statute of Limitations

Defendant first argues plaintiff's claims are barred by the applicable statute of limitations. This argument is not grounds for summary judgment. The statute of limitations for plaintiff's § 1981 claims is four years. See Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 383-84, 124 S. Ct. 1836, 158 L. Ed. 2d 645 (2004); James v. Countrywide Financial Corp., ___ F. Supp. 2d ___, 2012 WL 35992, at *16-18 (E.D.N.Y. Feb. 2, 2012) (discussing the effect of the Supreme Court's decision in Jones). The

statute of limitations for § 1983, NYSHRL, and NYCHRL claims is three years. Cloverleaf Realty of N. Y., Inc. v. Town of Wawayanda, 572 F.3d 93, 94 (2d Cir. 2009) (statute of limitations for § 1983 actions filed in New York is three years); Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 238 (2d Cir. 2007) (statute of limitations for NYSHRL and NYCHRL is three years).

The Complaint in this action was filed on February 13, 2009. Therefore, plaintiff is precluded from pursuing any claims under § 1981 for discreet acts that occurred prior to February 13, 2005. Plaintiff is precluded from pursuing any claims under § 1983, the NYSHRL, or NYCHRL for discrete acts that occurred prior to February 13, 2006. The only discrete adverse employment action alleged by plaintiff is the failure to promote her on August 31, 2006. See Am. Compl. ¶ 17. This adverse action falls well within the applicable statutes of limitations, as do substantially all acts of discrimination, harassment, and retaliation occurring after plaintiff's transfer to the 23rd Precinct. The untimely allegations made in plaintiff's depositions or elsewhere, though not actionable in themselves, may be cited as evidence in support of plaintiff's timely claims. See Flynn v. N.Y. State Div. of Parole, 620 F. Supp. 2d 463, 483 (S.D.N.Y. 2009) (female parole officer could only recover for discrete acts of discrimination falling within the statute of limitations but time-barred discriminatory acts were still admissible as "background evidence." (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113, 112 S. Ct. 2061, 153 L. Ed. 2d (2002); Glynn v. Cnty. of Suffolk, 50 F. App'x 58, 58-59 (2d Cir. 2002))).

Finally, plaintiff's hostile work environment claims are not subject to these statutes of limitations because "[t]he 'unlawful employment practice' . . . cannot be said

6

to occur on any particular day. . . . Such claims are based on the cumulative effect of individual acts." Morgan, 536 U.S. at 115 (citation omitted). For plaintiff's hostile work environment claims, "[p]rovided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." Id. at 117. Because plaintiff alleges she was subjected to a hostile work environment at the 23rd Precinct, these claims are also timely.

### III. Plaintiff's § 1981 Claims Fail as a Matter of Law

Summary judgment must be granted on plaintiff's § 1981 claims because plaintiff fails to state a claim as a matter of law. Plaintiff alleges that she was subject to discrimination, a hostile work environment, retaliation, and was not promoted due to her gender or national origin. It is well-established that § 1981 does not recognize claims based on gender or national origin. See Anderson v. Conboy, 156 F.3d 167, 171 (2d Cir. 1998) (citations omitted).

Plaintiff argues that her Dominican origin should be considered an ethnicity or race. In support, plaintiff cites to St. Francis College v. Al-Khazaji, 481 U.S. 604, 107 S. Ct. 2022, 95 L. Ed. 2d 582 (1987), a case that addressed whether a plaintiff of Arabian descent was of a different race from—and could bring a § 1981 racial discrimination claim against—the Caucasian defendants. The Court determined that racial discrimination claims pursuant to § 1981 encompass more than broad historic categories such as "Black" and "White" and include discrimination between ethnicities or other "identifiable classes of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics." Id. at 613. However, it is not

7

in dispute whether plaintiff's Dominican ancestry <u>could</u> be grounds for a § 1981 racial discrimination claim. The fact is that Gomez, unlike the plaintiff in <u>Al-Khazaji</u>, has not pled a racial discrimination claim and—as <u>Al-Khazaji</u> itself made clear—it remains settled precedent that national origin claims are not recognized under § 1981. <u>See</u> 408 U.S. at 613.

Plaintiff also urges the Court to construe her claim as one for racial discrimination because, "the pleadings and answers to the interrogatories make it very clear that she is not only alleging discrimination on the basis of her place of origin . . . ." Pl.'s Mem. at 4. On the contrary, nowhere in plaintiff's pleadings does she identify or refer to her race or racial discrimination, and plaintiff specifically and repeatedly identifies her claims as based on national origin and gender, not race. Any amount of legal research would have revealed that such claims are not cognizable. Plaintiff filed suit more than three years ago and was given an opportunity to amend the Complaint, yet did not correct this deficiency. It is well-settled that a party is not entitled to amend its complaint through statements made in motion papers or interrogatories. <u>See, e.g.</u>, <u>Wright v. Ernst & Young LLP</u>, 152 F.3d 169, 178 (2d Cir. 1998) (party not entitled to amend the complaint through statements made in motion papers); <u>In re Agape Litigation</u>, 773 F. Supp. 2d 298, 316 (E.D.N.Y. 2011) ("[A] plaintiff cannot amend the complaint through briefs and affidavits. . . ." (quotation and citation omitted)). For the foregoing reasons, plaintiff has failed to state a claim as a matter of law and defendant's motion for summary judgment must be granted as to plaintiff's § 1981 claims.

## IV. Plaintiff's § 1983 Claims Fail as a Matter of Law

Summary judgment must also be granted on plaintiff's § 1983 claims because plaintiff has failed to present any evidence (or even to plead) she was deprived of her rights as a result of an official policy or custom, an essential element of her claims. A municipality, such as NYC, is liable under § 1983 when, by implementation of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that [municipality's] officers" or through practices that are so "permanent and well settled" as to constitute governmental "custom," it deprives the plaintiff of a constitutional right. Monell v. Dep't of Social Services, 436 U.S. 658, 690, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). The City may not be held liable under § 1983 on a theory of vicarious liability. Monell, 436 U.S. at 691 ("[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." (emphasis in original)). Moreover, "a direct casual link between a municipal policy or custom and the alleged constitutional deprivation" must be established. City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989).

Here, plaintiff's Amended Complaint alleges defendant has a "long history" of discrimination and failing to protect female minority officers who complain of discrimination. See Am. Compl. ¶¶ 11-13. Nowhere does plaintiff identify any alleged policy, custom, or practice of the City that caused her injuries. In contrast, defendant has presented evidence that plaintiff's allegation, if true, violated longstanding policies of NYC. See Waters Decl. Ex. K. Plaintiff has not addressed this issue in her brief and makes no attempt to present any evidence in support of her claims. "Mere conclusory

allegations or denials cannot by themselves create a genuine issue of material fact where none would otherwise exist." Hicks v. Baines, 593 F.3d 159, 166 (2d Cir. 2010) (citation omitted). Because plaintiff has failed to set out specific facts showing a genuine issue for trial and no reasonable jury could find in plaintiff's favor, summary judgment must also be granted as to plaintiff's § 1983 claims.

V. **Plaintiff's State Law Claims**

Having granted summary judgment to the defendant on plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over plaintiff's NYSHRL and NYCHRL claims. A court may decline to exercise supplemental jurisdiction over a pendent state law claim if the court has dismissed all federal claims over which it has original jurisdiction. See 28 U.S.C. § 1367(c)(3); Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 350 & n. 7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the [supplemental] jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."). Accordingly, Gomez's state law claims are dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is GRANTED. The Court declines to exercise supplemental jurisdiction over plaintiff's NYSHRL and NYCHRL claims and those claims are dismissed without prejudice. The Clerk of the Court is directed to enter judgment dismissing the Amended Complaint and closing this case.

**SO ORDERED.**

Dated:   Brooklyn, New York
         April 30, 2012

_____/s/_____
I. Leo Glasser
United States District Judge